UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) DOUGLAS SHAWN MCMASTER, individually | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: ___CIV-22-179-C___ *(Formerly Custer County District Court No. CJ-2022-9)* |
| (1) VARICK L. LEWIS, individually, and (2) C.R. ENGLAND, INC., a Foreign Corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, Varick L. Lewis ("Lewis") and

C.R. England, Inc. ("CRE") (collectively "Defendants"), hereby remove the above-captioned

action from the District Court of Custer County, State of Oklahoma, to this Court. In

accordance with LCvR 81.2, a copy of the state court docket sheet, as well as all documents

filed or served in the state court action, are attached hereto as **EXHIBITS 1-3.**

The removal of this case to federal court is based on the following:

### FACTUAL BACKGROUND

1.     This action arises from a February 7, 2020 motor vehicle accident involving

Douglas Shawn McMaster and Varick L. Lewis. (*See* Petition, ¶ 5, **EXHIBIT 2**.)

2.     Plaintiff alleges that at the time of the accident, Lewis was acting in his

capacity as an employee of CRE. (*See* Petition ¶ 8, **EXHIBIT 2**.)

3.      Plaintiff's claims against Lewis sound in common law negligence.  (*See* Petition ¶¶ 7, 9-11, **EXHIBIT 2**.)

4.      Plaintiff asserts claims against CRE sounding in *respondeat superior* as well as claims of "direct negligence." (*See* Petition, ¶¶  8-9, **EXHIBIT 2**.)

5.      Plaintiff claims that as a result of Defendants' alleged negligence, he sustained bodily injuries, incurred medical expenses, experienced pain and suffering, and incurred property damages. (*See* Petition, ¶ 14, **EXHIBIT 2**.)

6.      On January 27, 2022, Douglas Shawn McMaster filed the present action in the District Court of Custer County, State of Oklahoma. (*See* Petition, **EXHIBIT 2**.)

7.      In Plaintiff's Petition, he seeks damages "potentially in excess of $75,000 for compensatory damages, property damage, punitive damages if applicable, together with attorney's fees, pre-judgment and post-judgment interest, costs of this action, and for such other relief as the Court may deem just and proper."(*See* Petition, Wherefore Clause, **EXHIBIT 2**.)

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

8.      "'Federal courts are courts of limited jurisdiction.  They possess only the power authorized by the Constitution and statute . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  For a federal court to have original jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.

2

9.    Generally, jurisdiction depends upon the state of things at the time of filing. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004).

10.    At the time Plaintiff's Petition was filed, federal question jurisdiction did not exist.  Specifically, Plaintiff makes no allegations that the Constitution or any federal statute has been violated.  (*See* generally, Petition, **Exhibit 2.**)

11.    However, as demonstrated below, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  More specifically, this action is between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**Complete Diversity Exists**

12.    At the time of filing, Plaintiff was a resident and citizen of Custer County, State of Oklahoma.  (*See* Petition, **Exhibit 2**, showing Plaintiff to be a citizen of the State of Oklahoma.)

13.    At the time of filing, Lewis was a citizen and resident of the State of Georgia. (*See* Official Oklahoma Traffic Collision Report, **Exhibit 4;** Varick Lewis' Commercial Driver's License, **Exhibit 5.**)

14.    For purposes of removal under 28 U.S.C. § 1441, a corporation shall be deemed to be a citizen of any state by which it has been incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c).  While Congress did not define "principal place of business," the Supreme Court has held that a corporation's principal place

3

of business is presumed to be the place of the corporation's "nerve center." *See Hertz Corp. v. Friend,* 559 U.S. 77, 93 (2010).

15.     At the time of filing, CRE was a foreign corporation, incorporated under the laws of the State of Utah with its "nerve center" or "principle place of business" in Utah. (*See* Certificate of Existence, **EXHIBIT 6**.)  CRE was not a citizen of the State of Oklahoma. (*See* Oklahoma Secretary of State Business Entity Search Results for CRE, **EXHIBIT 7.**)

16.     As Plaintiff and Defendants are citizens of different states, complete diversity of citizenship exists between the parties.

17.     All Defendants join in or consent to this removal.

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

18.     Diversity jurisdiction also requires that the removing party demonstrate the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332.  In the instant case, this requirement is also met.

19.     The Tenth Circuit has explained that "[t]he right of removal depends upon the case disclosed by the pleadings when the petition is filed." *Woerter v. Orr*, 127 F.2d 969, 971 (10th Cir. 1942).

20.     The Tenth Circuit has explained that a party seeking removal need only prove jurisdictional facts that make it "possible" that in excess of $75,000.00 is "in play." *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008)(emphasis in original).

21.     As disclosed by the pleadings, Plaintiff is seeking damages "potentially in excess of $75,000 for compensatory damages, property damage, punitive damages if applicable, together with attorney's fees, pre-judgment and post-judgment interest, costs of this action, and for such other relief as the Court may deem just and proper."(*See* Petition Wherefore Clause, **EXHIBIT 2**.) As such, the terms of Plaintiff's Petition themselves make it clear that more than $75,000.00 is in play in the present suit.

22.     Nevertheless, when a plaintiff's petition does not explicitly set out the amount that the plaintiff seeks to recover, the burden is on the defendant to establish that the jurisdictional prerequisite amount is satisfied. *See Laughlin v. Kmart Corp*., 50 F.3d 871, 873 (10thCir. 1995); *see McPhail,* at 955; *see also Murchison v. Progressive Northern Insurance Co.,* 564 F. Supp.2d 1311, 1314 (E.D. Okla 2008). A proponent of federal jurisdiction must prove said jurisdictional facts by a preponderance of the evidence.  *See McPhail* at 953 (citing *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001)).  Once these jurisdictional facts have been established, uncertainty about whether damages will exceed the threshold does not justify dismissal.  *Id.* at 955. "Only if it is 'legally certain' that the recovery . . . will be less than the jurisdictional floor may the case be dismissed."  *Id*.

23.     A plaintiff cannot prevent removal merely by drafting a petition, as here, that does not explicitly state the amount they seek for judgment, but rather claims a result in excess of $75,000.00 is "possible." *See Frederick v. Hartford Underwriters, Ins. Co.*, 683 F.3d 1242, 1245, 1248-49 (10th Cir. 2012)(holding that "remand is appropriate only if [the

plaintiffs] can establish that it is legally impossible for [the plaintiffs] to recover total damages in excess of [the Class Action Fairness Act's removal jurisdictional minimum]" once a defendant proves jurisdictional facts by a preponderance of the evidence such that the amount in controversy may exceed the requirement.)(emphasis added); *Chen v. Dillard Store Servs., Inc.*, 579 Fed. Appx. 618, 620-21 (10th Cir. 2014) (finding that removal was proper even though the petition pled only $50,000.00 in damages); *Rice v. Valmont Industries*, *Inc.*, 2012 WL 2339520 at *1 (N.D. Okla. June 19, 2012) (recognizing that removal is appropriate despite a specific plea for less than $75,000.00 where the defendant adequately demonstrates the amount in controversy is in excess of that amount, but remanding where defendant's showing was insufficient).

24.    As disclosed by Plaintiff's Petition he is seeking compensatory damages of at least $20,000.00. (*See* Plaintiff's Petition, ¶ 14, **EXHIBIT 2**.)

25.    Plaintiff is also seeking an unspecified amount of punitive damages from each of the Defendants. When punitive damages are alleged, the Court may consider those damages in determining whether the requisite amount in controversy exists.  The Seventh Circuit has stated:

> [w]here punitive damages are required to satisfy the jurisdictional amount in controversy in a diversity case, a two-part inquiry is necessary. The first question is whether punitive damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction, unless it is clear "beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount."

*See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 200) (quoting *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995)); *see also Woodmen of World Life Ins. Society v. Mangarnaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) ("Punitive damages may be considered in determining the requisite jurisdictional amount.").

26.     Punitive damages in Oklahoma are governed by 23 Okla. Stat. § 9.1, which provides for three categories of damages. Each category increases the amount a plaintiff can potentially recover. Plaintiff's Petition alleges facts that could implicate Category I. Category I punitive damages allow a jury, upon finding that "[t]he defendant has been guilty of reckless disregard for the rights of others" to award punitive damages in an amount not to exceed the greater of $100,000.00 or the amount of compensatory damages awarded. 23 Okla. Stat. § 9.1(B).

27.     There is no doubt, based upon a plain reading of Plaintiff's Petition, that his pursuit of punitive damages sufficiently places his claims within the threshold amount in controversy required for removal to this Court.

28.     Finally, inasmuch as Plaintiff is advancing claims for property damages he may be statutorily entitled to recovery his attorney's fees. The Unites States Supreme Court "has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933) (justifying removal

to federal court based on diversity jurisdiction, notwithstanding state statute directive that attorney's fees should be taxed as costs).

29.     12 Okla. Stat. 940(A) allows Plaintiff to recovery his attorney fees in this matter. According to the statutory language:

> A.  In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

30.     A reasonable estimate of attorney's fees, according to the Tenth Circuit, is one which evaluates the attorney's fees necessary to see the case through to its conclusion "[c]onsidering the realities of modern law practice and the complexities of the case." *Miera* at 1340.

31.     Based upon a plain reading of Plaintiff's Petition, Plaintiff is clearly seeking compensatory damages of a minimum of $20,00.00, punitive damages of at least $100,000.00, as well as untold consequential damages, property damages, and attorney fees.

32.     Defendants have demonstrated to a preponderance of the evidence not only that Plaintiff's desired recovery is "potentially in excess of $75,000," but that Plaintiff could actually easily recover well in excess of $75,000.00 and, in fact, has explicitly pled in excess of that amount. Therefore, the amount in controversy requirement is also met.

## REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

33.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court.

34.     CRE was served *via* the Oklahoma Insurance Commissioner on February 10, 2022. (*See* Transmittal Letter from the Oklahoma Insurance Commissioner, dated February 11, 2022, **EXHIBIT 8**.)  As such, it has not yet been thirty (30) days since CRE was served with this lawsuit.

35.     Additionally, pursuant to the same federal statute, one year has not elapsed since commencement of this action.  (*See generally* Petition, filed on January 27, 2022, **EXHIBIT 2**.)

36.     The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "the District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a).  Currently this action is pending in the District Court in and for Custer County, State of Oklahoma.  The Western District of Oklahoma includes the County of Custer.  *See* 28 U.S.C. § 116(c).  Therefore, removal to this Court is proper.

37.     Pursuant to 28 U.S.C. § 1446(d), CRE will serve written notice of the filing of this Notice of Removal on counsel for Plaintiff, the adverse party.  Additionally, a copy of this notice will be filed with the Clerk of the District Court in and for Custer County, State of Oklahoma.

WHEREFORE, Defendant, C.R. England removes this action from the District Court in and for Custer County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

s/ Lauren N. Watson
Paul M. Kolker, OBA No. 18749
Lauren N. Watson, OBA No. 33636
ROBERSON, KOLKER, COOPER, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:     paul@rkcglaw.com
           lauren@rkcglaw.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Kevin E. Hill, Esquire

s/ Lauren N. Watson
For the Firm