EXHIBIT 2

FILED
DISTRICT COURT
Custer County, Okla.

JAN 27 2022

STACI HUNTER
COURT CLERK

IN THE DISTRICT COURT OF CUSTER COUNTY
STATE OF OKLAHOMA

DOUGLAS SHAWN MCMASTER, )
Individually, )
)
)
Plaintiff, )
v. )  Case No.: CQ-2022-9
)
VARICK L. LEWIS, individually, and )
C.R. ENGLAND, INC., a Foreign Corporation )
)
Defendants. )

## PETITION

COMES NOW the Plaintiff, SHAWN MCMASTER, and for his cause of action against Defendants, VARICK L. LEWIS and C.R. ENGLAND, INC. and hereby allege and state as follows:

1. That the Plaintiff is a resident of Custer County, State of Oklahoma.

2. That the Defendant C.R. England, Inc. is a foreign trucking company operating in the State of Oklahoma.

3. That the Defendant Varick L. Lewis is the driver of Defendant C.R. England, Inc. at the time of the wreck and is believed to be making a delivery in Oklahoma at the time of the wreck.

4. Jurisdiction is proper in Custer County, Oklahoma as the wreck at issue in the case occurred in Custer County.

5. That on or about the 7th day of February 2020, in Clinton Oklahoma, Plaintiff Douglas Shawn McMaster was driving his 1989 Chevrolet 1500 southbound on County Road when Defendant Lewis was eastbound on the exit ramp and failed to stop at a stop sign and made a left-hand turn in front of Plaintiff colliding with Plaintiff's vehicle. Defendant Lewis was

driving a 2019 Freightliner tractor trailer truck owned and operated by Defendant C.R. England, Inc. Said collision directly and proximately resulted in Plaintiff suffering injuries.

6. That Plaintiff sustained property damage as a direct and proximate result of the wreck at issue.

7. That Defendant Lewis was negligent in operating his vehicle which caused the incident complained of herein. The collision was the direct and proximate result of the negligence of the Defendants, Lewis and C.R. England, Inc.

8. That at the time of the collision, Defendant Lewis was in the course and scope of his employment for C.R. England and was expressly authorized by Defendant C.R. England to operate the subject vehicle that was involved in the collision.

9. Said wreck was caused by the negligent acts and omissions of the Defendants, Varick Lewis and C.R. England in the following particulars:

    A. Failure to devote full time and attention to the operation of a motor vehicle;

    B. Failure to keep a proper lookout ahead;

    C. Failure to take evasive action to avoid a collision;

    D. Failure to use braking and/or steering mechanisms to avoid the collision;

    E. Operating a motor vehicle in a negligent manner;

    F. Driving at a speed unsafe for the conditions then and there existing;

    G. That at the time of the subject collision, Defendant CR England knew or should have known that its employee, Verick Lewis was not a fit and prudent operator. In disregard of this knowledge, and contrary to their own rules and policies, and contrary to good and prudent management

policies, Defendants negligently retained, permitted and entrusted Defendant Lewis with the vehicle that collided with the Plaintiff. This conduct by Defendant CR England was negligent.

10. That Defendants' violations as set out above constitute negligence per se.

11. That Defendants violated the "Rules of the Road", Title 47 O.S.§11, et seq.

12. That Plaintiff's injuries were caused by Defendants' negligent acts and/or omissions as set out above which was under the exclusive control and management of Defendants. That the incident was of a kind which ordinarily does not occur in the absence of negligence and therefore Plaintiff contends such negligence constitutes Res Ipsa Loquitur.

13. Prior to this collision, Plaintiff was in good health with a normal life expectancy, but as a direct and proximate result of the Defendants' negligence, Plaintiff has sustained damages for which she is entitled to recover.

14. Pursuant to the provisions of 12 O.S. § 3226(B)(2), Plaintiff submits this preliminary computation of damages sought in this lawsuit. As this is an action for injuries suffered by an adult, Plaintiff advises that all damages recoverable by law are sought, including those listed in OUJI 2d 4.1. Under item (K), Plaintiff's medical bills incurred to date are in the approximate amount of $20,000 which amount is subject to increase. At this point, Plaintiff does not know the amount of future medical expenses if any. These items are among the elements for the jury to consider in fixing the amount of damages to award Plaintiff. Other than the amounts which Plaintiff has specifically identified, and which are capable of being ascertained to some degree of certainty, Plaintiff is unable to guess or speculate as to what amount of damages a jury might award. The elements for the jury to consider include the following:

    A. Plaintiff's physical pain and suffering, past and future;

B. Plaintiff's mental pain and suffering, past and future;

C. Plaintiff's age;

D. Plaintiff's physical condition immediately before and after the accident;

E. The nature and extent of Plaintiff's injuries;

F. Whether the injuries are permanent;

G. The physical impairment

H. The disfigurement;

I. Loss of [earning/time];

J. Impairment of earning capacity;

K. The reasonable expenses of the necessary medical care, treatment and services, past and future.

**WHEREFORE**, Plaintiff prays for judgment in an amount potentially in excess of $75,000.00 for compensatory damages, property damage, punitive damages if applicable, together with attorneys' fees, pre-judgment and post-judgment interest, costs of this action, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

Kevin E. Hill, OBA #15256
COLBERT COOPER HILL
415 NW 11th Street
Oklahoma City, OK 73103
Kevin@GetColbert.com
(405) 218-9200 Office
(405) 692-5371 Facsimile
Attorney for Plaintiff

**ATTORNEY'S LIEN CLAIMED**